Mayer v. Mutchler.

JOSEPH S. MAYER, PLAINTIFF IN ERROR, v. WILLIAM MUTCHLER, DEFENDANT IN ERROR.

1. When a notice is given to an owner under the third section of the Mechanics' Lien act, he must hold, of any moneys which are then due, or which may thereafter become due to the contractor upon the contract, a sufficient amount to answer the notice.
2. If the contractor, although the contract is never completely executed, is in a position which enables him to recover from the owner in an action either upon the contract or upon *quantum meruit* for contract work done, a notice will reach the amount so recoverable.

On error to the Mercer Circuit Court. The facts appear fully in the opinion.

For the plaintiff in error, *C. H. Beasley* and *W. D. Holt.*

For the defendant in error, *A. G. Richey.*

The opinion of the court was delivered by

REED, J.   One A. S. Lovett entered into a contract with Mayer Brothers, dated September 28th, 1882, by the terms of which said Lovett agreed to build a foundation for a boiler, and to do certain work and furnish certain materials in and about a building of the said Mayer Brothers.   This contract was filed in the clerk's office of Mercer county on October 3d, 1882.   Mr. Lovett employed the plaintiff, William Mutchler, to do the millwright and the wood-work, which was a part of the work which Lovett had contracted to execute.

Mutchler went on and did the work, and then served a retainer, a written notice upon Mayer of the refusal of Lovett to pay him the sum of $610.51, the amount of his bill.

Mayer Brothers refused to pay this amount to the plaintiff, and so he brought this action.

At the close of the plaintiff's case on the trial there was a motion made to non-suit the plaintiff.   The refusal to direct a non-suit is assigned for error.

The non-suit was insisted upon on several grounds.

First, it was contended that the evidence showed that work was done by Lovett under the contract, before that instrument was filed in the clerk's office, and that therefore the sub-contractor had his lien and so could not give notice under the third section of the Mechanics' Lien act, nor bring this action.

One complete answer to this ground of contention is that the evidence was confused and conflicting upon the question whether the first work done under the contract preceded or followed the filing of the contract.   It was left as a question for the jury's determination, and they found for the plaintiff.

Secondly, it was insisted that the plaintiff demanded more money than was due to him from Lovett, and that this fact was fatal to the efficacy of his notice.   It appears, from the testimony of the plaintiff, that he included in his demand three small charges amounting in all to $5.22, for work and materials which were ordered by Mayer Brothers.   The plaintiff also says that it was not work done under his contract with Lovett.   There is, however, some uncertainty whether

he means, by that expression, that it was not work done about the millwright and carpenter work which he had been employed by Lovett generally to do. It appears that Mayer Brothers had exercised almost continuous supervision over the work, and had given directions concerning it with the apparent assent of Lovett. Indeed, the bill of Mutchler for these items was made to Lovett. So there seems to be in the case an element of uncertainty whether these items, under the peculiar dealings of the parties, were not chargeable to Lovett, and the question was left by the trial justice to the jury.

So, in respect to the question whether Mayer Brothers were satisfied with the fairness of Mutchler's claim, that was also left to the jury, and there was ample evidence in the cause to sustain the jury's finding.

It is again insisted that nothing was due from defendant to Lovett when the retainer was served. The point made is that the amount which Lovett was to receive was dependent upon his completion of the work called for in the contract, and that he had not completed it at the date of the service of the retainer.

It conclusively appeared in the case that Lovett did not complete the contract, but that the work was in fact completed by Mayer Brothers. The court, at the trial, charged the jury that it was not essential that money should be due at the moment when the retainer was filed, but that if money afterwards became due the notice would impound it.

The counsel for the plaintiff in error relies upon the case of *Craig* v. *Smith*, 8 *Vroom* 549, as an authority for his position that there must be a debt due from the owner to the contractor at the time when notice is given.

This case was decided in this court, and is authoritative here, so far as it supports the doctrine, which is broadly stated in the opinion, in conformity with the position taken by the counsel of the plaintiff in error. But the facts as they appeared in that case, and in respect of which the language in the opinion was employed, plainly show that it has no reference to a case like the present. In that case there had been a

debt due to the contractor, but before the notice reached him the right had passed from him by force of a general assignment which he had made for the benefit of his creditors.  The court held that the contractor was free to deal with his credit as he pleased up to the moment when it was impounded by a notice, and if before the notice reached him he had assigned the credit, the notice was ineffectual.  It was contended by counsel in that case that there was an inchoate lien arising by reason of the work having been done, which lien became fully effective upon filing a notice, and that in this way the notice would, by a retrospective force, seize a credit which had already been assigned.

It was in denial of this insistence that the court said there must be a debt due from the contractor at the time of the giving of the notice.  Now, it seems to me clear that if money becomes due to the contractor, as the price of the work done under his contract, at any time after the statutory notice is given, the owner must hold such money in conformity with the statutory requirement.  He cannot be called upon to pay before the money is due to the contractor, for he is entitled to stand, in respect to his liability, to pay the amount demanded, as well as any other part of the contract price, upon the strict terms of his contract with the contractor.  But whenever the period arrives when the owner could be compelled to answer to the contractor for any portion of the contract price, he must respect the notice theretofore given.  The charge of the court was in this respect correct.

There is still a phase of this last question to be noticed. It is this : The contract in this case was not completed by Lovett.  According to his testimony, it appears that the defendants agreed to pay him $200 to rescind the contract before its complete execution.  Mr. Mayer denied this, and said, in effect, that Lovett refused to proceed with its execution, and that the defendants were compelled to expend considerable sums of money to complete the work for which Lovett had contracted.  Now, I think it clear that although

Lovett was at no time in a posture to sue upon his contract for the price of the work, yet there is evidence from which a jury could have inferred that he was in a position to sue upon a *quantum meruit* for the value of his work, having reference to the contract price.

If Lovett might have successfully sued for the value of work and materials called for in his contract, which he had furnished, then I think the notice of a person doing all or a part of such work is effectual in reaching the moneys so recoverable. The jury found that there was a balance equal to the amount demanded in the notice still due Lovett, after deducting from the contract price the money paid to Lovett, and the expense of completing the work according to the terms of the contract, aside from the bill of Mutchler, the plaintiff. I think that there appears no error in the record. I may remark that while I have alluded to the charge, there were no requests to charge, nor any exceptions taken to any portion of the charge. The exceptions taken are to the refusal of the court to non-suit, and the refusal of the court to hold that there existed legal difficulties in the way of a verdict for the plaintiff.

We are, therefore, now only called upon to say whether there is any aspect of the evidence of the cause which will support the judgment.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, McGREGOR, PATERSON.   9.

*For reversal*—None.